UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURIE ANN DERUSHA, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. |
| v. | ) 24-40051-DHH<br>) |
| ORLANDO K. WILLIAMS, | ) |
| Defendant. | )<br>) |

## ORDER AND REPORT AND RECOMMENDATION

### April 16, 2024

For the reasons set forth below, the Court allows Plaintiff leave to proceed *in forma pauperis* and orders that this action be REASSIGNED to a District Judge for further proceedings, and RECOMMENDS that the newly assigned District Judge DISMISS this action for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

I.   BACKGROUND

Laurie Ann Derusha, a resident of Webster, Massachusetts, filed her self-prepared complaint alleging that she has experienced various disruptions to her home life and seeking assistance for the arrest of the defendant. See Dkt. No. 1. For the basis of jurisdiction, plaintiff alleges that her action arises under a federal question and lists "human trafficking, stalking, unlawful use of technology to harm a citizen of the United States, attempted murder." Id. at p. 3. She alleges that Defendant "tried to kill [Derusha and that she needs] help with his arrest for attempted murder." Id. at p. 4. She also alleges that she has been hearing sounds or tones within her house since the assault. Id. For relief, she asks "the court to request video and other

recordings necessary to find the source of the sound and find the persons involved" with the attempted murder.  Id.

Derusha's complaint is accompanied by an application to proceed without prepayment of fees or costs (also known as a motion for leave to proceed *in forma pauperis*).  Dkt. No. 3.  This action was assigned to me on March 29, 2024.  Dkt. No. 2.

II.     MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Based upon Derusha's financial disclosures in her application to proceed *in forma pauperis*, Derusha has adequately demonstrated that she is without income or assets to pay the filing fee.  Accordingly, Derusha will be permitted to proceed *in forma pauperis*.

III.    PRELIMINARY REVIEW

Because Derusha is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  The Court must dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Additionally, a court has an obligation to inquire *sua sponte* into its own jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  Gun v. Minton, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving [federal jurisdiction]."  Calderon–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)) (internal quotation marks omitted).

28 U.S.C. §§ 1331 and 1332(a) grant federal courts jurisdiction "over two general types of cases: cases that 'aris[e] under' federal law" and "cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." <u>Industria Lechera De Puerto Rico, Inc. v. Beiró</u>, 989 F.3d 116, 120 (1st Cir. 2021).  Federal district courts may not exercise judicial power absent statutory authority to do so.  <u>Home Depot U.S.A., Inc. v. Jackson</u>, 139 S. Ct. 1743, 1746 (2019).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal *sua sponte* is appropriate.  <u>Garayalde-Rijos v. Municipality of Carolina</u>, 747 F.3d 15, 23, (1st Cir. 2014) (citations and internal quotation marks omitted).

Because Derusha is proceeding *pro se*, the Court liberally construes her complaint.  <u>See Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Rodi v. New Eng. Sch. of Law</u>, 389 F.3d 5, 13 (1st Cir. 2004).

IV.     <u>DISCUSSION</u>

Here, the Court is unable to identify a basis for federal subject-matter jurisdiction.  The Complaint does not invoke diversity jurisdiction under 28 U.S.C. § 1332, and the allegations fail to provide a sufficient basis for federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiff cannot identify a federal statute or regulation under which her claim could proceed.  Even if Plaintiff could establish a jurisdictional basis, her claims fail as a matter of law.

To the extent that the plaintiff requests that the court initiate or assist with an investigation, the Court does not have the power to do so.  See generally <u>In re United States</u>, 441 F.3d 44, 58 (1st Cir 2006) (noting that the executive branch is the proper branch to conduct criminal investigations, not the judiciary).  Moreover, to the extent that Plaintiff is seeking to

initiate a criminal proceeding against Defendant on her own behalf, or compel law enforcement to so initiate, a private citizen lacks a "judicially cognizable interest" in the prosecution or nonprosecution of another.  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  As a private citizen, Plaintiff therefore lacks standing to request this type of relief.

The Court is sensitive to Plaintiff's fear for herself and her children.  However, given the identified jurisdictional defects and the nature of Plaintiff's claims, the Court finds that amendment would be futile.  The Court therefore recommends that this action be dismissed for lack of subject-matter jurisdiction and/or failure to state claim upon which relief can be granted.

V.     ORDER AND RECOMMENDATION

In accordance with the foregoing. the Court recommends as follows:

1.     Plaintiff's motion for leave to proceed *in forma pauperis* is ALLOWED.

2.     Because the action is subject to dismissal without prejudice for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), this Court will direct that the case be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal.

3.     The Court RECOMMENDS to the District Judge to whom this case is reassigned that the District Judge dismiss this action without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction and/or failure to state a claim upon which relief could be granted.[1]

 /s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections.  The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  See, e.g., M. v. Falmouth Sch. Dep't, 847 F.3d 19, 26 (1st Cir. 2017); Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988).